# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL G. MARTIN,

    Plaintiff,

v.

THOMAS J. FINLEY, et al.,

    Defendants.

3:15-CV-1620
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION & BACKGROUND

Presently before the Court is Plaintiff Martin's Motion for Reconsideration of the Court's October 12, 2018 Ruling on Issue Preclusion ("Motion for Reconsideration") (Doc. 150). Martin seeks reconsideration of the Court's ruling in its October 12, 2018 Memorandum Opinion and Order granting in part and denying in part Defendants' motions for summary judgment (Doc. 146, Doc. 147) that issue preclusion bars Martin from "contesting the fact at trial that [Defendant] George Albanese was on the Board of Directors ("Board") of Med-Dev Corporation ("Med-Dev") between January 16, 2014 and April 19, 2014" (the "Albanese Board" issue). (Doc. 150-1 at 2). In the October 12, 2018 Opinion, the Court made a *sua sponte* finding that the Albanese Board issue was decided in a previous June 2015 lawsuit in the Delaware Chancery Court, and that all elements of issue preclusion were satisfied to bar relitigation of the issue. (Doc. 146 at 28-31).

In the Motion for Reconsideration, Martin argues that issue preclusion should not apply to bar litigation of the Albanese Board issue at trial due to evidence, an April 16, 2014 email sent from Albanese to Attorney Joseph Tomasek regarding Albanese's status as a member of the Med-Dev Board, that was only obtained after the Delaware Chancery Court proceedings and that calls into question Albanese's trial testimony during those proceedings. (Doc. 150-4). Martin contends that this email should have been produced in discovery in the Delaware Chancery Court action but was not. Thus, Martin asserts, he was denied "a full and fair opportunity to litigate the issue in the prior action." (Doc. 150-1 at 6-8). Albanese opposes the Motion for Reconsideration, arguing that Martin has not proven the April 16, 2014 email is new evidence. (Doc. 153).

The Court held a teleconference with the parties on April 2, 2019 to clarify the parameters of Martin's request for reconsideration and to obtain additional information on the nature and scope of the June 2015 Delaware Chancery Court proceedings and the discovery undertaken in that case. At the April 2 teleconference, Martin confirmed to the Court that he will not be contesting at trial that Albanese was validly appointed to the Med-Dev Board on January 16, 2014. The Delaware Chancery Court noted that this specific issue was conceded. (Doc. 153-1 at 279:10-20). Rather, Martin is seeking to contest at trial whether Albanese, after his valid appointment to the Med-Dev Board on January 16, 2014, remained a member of the Med-Dev Board from January 16, 2014 to April 19, 2014. Martin further represented to the Court at the April 2 teleconference that discovery requests

2

in the Delaware Chancery Court action should have resulted in the production of the April 16, 2014 email, but that the email was not produced or listed on a privilege log. Instead, Martin only obtained the email "after he regained control of Med-Dev, which was after the trial in Chancery Court and after that Court's Memorandum Opinion was filed." (Doc. 150-1 at 7). Albanese and Finley have represented to the Court that they do not know why the email was not produced to Martin in the Delaware Chancery Court action.

The Court will grant Martin's Motion for Reconsideration to permit Martin to introduce testimony at trial regarding the issue of whether Defendant Albanese, after his valid appointment to the Med-Dev Board on January 16, 2014, remained a member of the Med-Dev Board from January 16, 2014 to April 19, 2014.

## II. ANALYSIS

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

> "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously

3

available. *See De Long Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1139–40 (3d Cir.1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir.1981) (en banc)."

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010).

Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

Despite the high bar for granting a motion for reconsideration, the Court will grant Martin's Motion for Reconsideration. The Court finds that Martin has established that he did not have access to the April 16, 2014 e-mail at the time of the Delaware Chancery Court proceedings. In this sense, the email constitutes "new evidence" in the Delaware Chancery Court action that was not available at the time the Delaware Chancery Court issued its decision. This email should have been produced in response to Martin's request for production of documents in the Delaware proceedings, or identified on a privilege log. Because of the delay in obtaining the email, Martin did not have an opportunity to fully and

4

fairly litigate the Albanese Board issue in the Delaware Chancery Court proceedings. As a result, issue preclusion of that issue is inappropriate. To prevent manifest injustice, the Court will permit Martin to litigate at trial the specific issue regarding whether Albanese, after his valid appointment to the Med-Dev Board on January 16, 2014, remained a member of the Med-Dev Board from January 16, 2014 to April 19, 2014.

### III. CONCLUSION

For the reasons stated above, the Court will grant Martin's Motion for Reconsideration. A separate Order follows.

Robert D. Mariani
United States District Judge