# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL G. MARTIN,       :

                :

           **Plaintiff,**     :

                :    **3:15-CV-1620**

     v.                   :    **(JUDGE MARIANI)**

                :

THOMAS J. FINLEY, et al.,     :

                :

          **Defendants.**    :

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Michael Martin ("Martin") brings this action against Defendants Thomas J. Finley and George Albanese ("Albanese") alleging claims for tortious interference with contract (Count I), abuse of process (Count III), and defamation/false light of privacy (Count IV). (*See* Doc. 147). Trial is now scheduled to commence on April 8, 2019. Presently before the Court is Martin's Motion in Limine to Preclude Evidence that Plaintiff Did Not File Income Tax Returns for Calendar Years 2014 to 2017 (Doc. 185). As set forth below, the Court will reserve the motion in limine until time of trial.

### II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a

"trial court should exclude evidence on a motion in limine only when the evidence is clearly

inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more

in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707

(E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.

Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial*

Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the

potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859

(3d Cir. 1990) (emphasis in original). Finally, it is important to note that "in limine rulings are

not binding on the trial judge, and the judge may always change his mind during the course

of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III. ANALYSIS

Martin moves to "preclude any testimony, other evidence, or argument on the fact that he filed no federal income tax returns for calendar years 2014, 2015, 2016, or 2017, or that he filed extensions for those years." (Doc. 185 at 4).[1] Martin anticipates that Defendants "will attempt to raise the fact that Plaintiff did not file tax returns for 2014 to 2017 to try to portray Plaintiff as someone who has been paid large sums of money but has not honored his obligation to file tax returns." (*Id.* at 7). Martin contends that this evidence does not have probative value because he properly requested extensions and has only been unable to file tax returns "due to not being provided with the documents and information from the Defendants that are necessary to file those returns." (*Id.*) He further asserts that the only purpose of this evidence would be to "besmirch Plaintiff's character based on false accusations" in violation of Federal Rule of Evidence 404(a)(1), and that even if there is probative value to such income tax-related evidence, the probative value is substantially outweighed by Federal Rule of Evidence 403 concerns, such as unfair prejudice. (*Id.* at 7-8). Defendant Albanese responds that "[t]he absence of any tax records filed by Plaintiff, even though he has maintained a job since 2016, certainly is relevant to the issue of assessing his alleged economic damages in this case." (Doc. 199 at 2). Albanese further states that, as Martin will be offering an economic damages expert, Albanese should

---

[1] Martin included his brief in support of his motion in limine and supporting exhibits in the same document as his motion. Accordingly, citations to Document 185 are to the ECF pagination rather than the internal pagination of each individual document constituting Document 185.

be entitled to cross examine the expert on Martin's failure to file tax returns and how the absence of those tax returns may have affected the expert's damages calculation. (*Id.* at 3).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Character or character trait evidence "is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1).

Here, the Court finds it prudent to refrain from ruling on Martin's motion in limine in advance of trial as Martin's concerns present quintessential Rules 403 and 404 issues which the Court can best address at trial and in context and in light of the purpose for which the evidence is offered. As the Third Circuit has found, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original). Martin's argument that Defendants will seek to introduce the absence of Martin's

filing of 2014-17 income tax returns for an improper purpose, "besmirch[ing] Plaintiff's character," is also entirely hypothetical at this point. If he finds the introduction of the income tax-related evidence objectionable, Martin is free to raise timely and specific objections at trial.

## IV. CONCLUSION

For the foregoing reasons, the Court will reserve until time of trial Martin's Motion in Limine to Preclude Evidence that Plaintiff Did Not File Income Tax Returns for Calendar Years 2014 to 2017 (Doc. 185). Counsel is expected to raise any issue of relevance, admissibility, and unfair prejudice by timely and specific objection with respect to any evidence or argument that Martin did not file income tax returns for calendar years 2014 to 2017 or that he filed extensions for those years. A separate Order follows.

_____
Robert D. Mariani
United States District Judge