# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL G. MARTIN, :
:
    Plaintiff, :
: 3:15-CV-1620
v. : (JUDGE MARIANI)
:
THOMAS J. FINLEY, et al., :
:
    Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Michael Martin ("Martin") brings this action against Defendants Thomas J. Finley and George Albanese ("Albanese") alleging claims for tortious interference with contract (Count I), abuse of process (Count III), and defamation/false light of privacy (Count IV). (*See* Doc. 147). Trial is now scheduled to commence on April 8, 2019. Presently before the Court is Defendant Albanese's Third Motion in Limine (Doc. 181). As set forth below, the Court will reserve the motion in limine until time of trial.

### II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406.

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.*" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original). Finally, it is important to note that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III. ANALYSIS

Albanese moves to preclude the introduction into evidence at trial of a verification signed by Frank LaForgia on October 20, 2017 and a letter written by Frank LaForgia dated July 18, 2012 to Anastasios Skentzos. (Doc. 181 at 1-2). Albanese explains that Mr. LaForgia was deposed before his death in 2018 and concedes that Mr. LaForgia's deposition is admissible evidence at trial pursuant to Federal Rule of Civil Procedure 32(a)(4). (Doc. 181 at 1). However, Albanese contends that the verification is inadmissible hearsay under Federal Rules of Evidence 801 and 802, and the letter is unauthenticated under Rule 901 and should also be excluded as hearsay under Rules 801 and 802. (Doc. 193 at 5-8). Albanese states that the verification was referenced at Mr. LaForgia's deposition, but that it was not produced to Albanese until weeks later with a transcript of the deposition. (*Id.* at 2-3). He further states that the July 18, 2012 letter is unsigned, was not attached to Martin's expert report even though the report's conclusions rely in part on the letter, and that Albanese only received the letter after the close of discovery. (*Id.* at 3-4).

Martin responds that both the verification and the letter are admissible under the recorded recollection and residual exceptions to the hearsay rule, Fed. R. Evid. 803(5), 807. (Doc. 197 at 7-13).[1] Martin also argues that the letter is authenticated as an electronic record because it "was sent as an attachment to an email from Mr. LaForgia to Mr.

---

[1] Martin included his opposition to Albanese's motion in limine and supporting exhibits in the same document. Accordingly, citations to Document 197 are to the ECF pagination rather than the internal pagination of each individual document constituting Document 197.

3

Skentzos (cc: Plaintiff Martin) on July 18, 2012," and then Martin forwarded the letter to Martin's expert. (*Id.* at 12). Martin also contends that even if the letter is otherwise inadmissible, the expert "should be permitted to disclose it to the jury because its 'probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect.' Fed. R. Evid. 703." (Doc. 197 at 14).

The Court finds it premature to rule on Albanese's motion in limine and to determine whether the verification and the letter are inadmissible hearsay or satisfy one of the exceptions to the hearsay bar, such as Rules 803(5) or 807. *See Ponzini v. Monroe Cty.*, No. 11-cv-413, 2016 WL 4494173, at *4 (M.D. Pa. Aug. 24, 2016) (citing *Navedo v. Primecare Med., Inc.*, No. 12-cv-888, 2014 WL 1451836, at *2 (M.D. Pa. Apr. 14, 2014)) (explaining the fact-intensive, multi-factor inquiry in determining whether proffered evidence satisfies the "equivalent circumstantial guarantees of trustworthiness" requirement of Fed. R. Evid. 807). It is particularly unclear to what extent the verification and the letter were a subject of Mr. LaForgia's deposition, as the parties did not submit a complete copy of the deposition transcript in conjunction with the motion in limine and associated briefs. This is crucial in that Mr. LaForgia's deposition will be read at trial in light of his death. The authentication of the letter is also a matter for trial testimony. So too is the extent to which Martin's expert witness relied upon the letter in reaching his conclusion on the amount of damages Martin allegedly suffered due to Defendants' conduct, and this will inform the

4

Court's decision whether the underlying "facts or data" contained in the letter can properly be disclosed to the jury. Fed. R. Evid. 703.

## IV. CONCLUSION

For the foregoing reasons, the Court will reserve until time of trial Albanese's Third Motion in Limine (Doc. 181). As counsel were informed at the pre-trial conference in this matter, they shall comply with M.D. Pa. LR 30-10 and shall file a stipulation with the Court that they have conferred in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact and to remove such portions of the deposition prior to trial. A separate Order follows.

Robert D. Mariani
United States District Judge